## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank P. Iuorno, Jr.

v.

Ford Motor Co.

June 4, 1996

Case No. LB-69-1

By Judge Melvin R. Hughes, Jr.

In this case, the issue raised by defendant Ford Motor Company's (Ford) Plea in Bar is whether it ever violated the Motor Vehicle Warranty Enforcement Act (the Lemon Law).

The facts taken from plaintiff's Motion for Judgment are as follows. Plaintiff purchased a 1994 Ford Probe on May 16, 1994. Shortly thereafter, the car began to malfunction. Plaintiff returned the car to the dealership for repairs. Work was performed on the car but deficiencies remained. Several trips were made to the dealership to remedy the malfunctions, all to no avail and the car remained out of service for over thirty days while repairs were being conducted.

In September of 1995, the parties attempted arbitration, but plaintiff rejected Ford's offer to provide a trade assist option. Due to the constant malfunctions, plaintiff spoke with a Ford factory representative in October of 1995. Later, through counsel, plaintiff rejected acceptance of the vehicle and sought a full refund under the Lemon Law, including vehicular insurance. However, Ford would provide nothing further, arguing it had offered all remedies required by the Lemon Law.

Plaintiff filed suit on January 16, 1996, claiming violations of the Magnuson-Moss Warranty Act for failing to repair or replace due to the nonconformities within a reasonable time and refusing to provide a refund. Plaintiff also asserts that Ford violated Virginia Code §§ 59.1-207.11, 59.1-207.13, and 59.1-207.14 of the Lemon Law by refusing his demand

for damages and failing to correct the nonconformities.[1] He seeks damages in the amount of $19,740.08, consequential and incidental damages, collateral charges, finance charges, cost of substitute transportation, expert witness fees, reasonable attorney's fees, costs, and expenses.

Ford argues in its plea that it has never violated the Lemon Law and that its offers of compliance is a bar to plaintiff's claims. Although Ford has offered to provide plaintiff with a refund of the purchase price, interest, damages for loss of use, and a portion of the attorneys fee's demanded, it states that plaintiff is not entitled to attorney's fees, vehicular insurance, or loss of use under § 59.1-207.13. In response, Plaintiff argues that vehicular insurance constitutes reasonable incidental damages. Furthermore, plaintiff claims that the assistance of an attorney was needed before Ford would offer the consumer anything other than a trade assist. Plaintiff concludes that attorney's fees should be recoverable and their reasonableness should be decided by a jury. The court agrees.

The Lemon Law does not define a "violation" of its provisions. However, it does allow a consumer to file a civil action for loss suffered by reason of a violation of *any* provision of the chapter. Va. Code § 59.1-207.14 (emphasis added). Within § 59.1-207.13, the dealer is required to make repairs and to bring a nonconforming vehicle into conformity. In addition, the manufacturer must accept return of a vehicle and provide a refund to the consumer when a vehicle has not met conformity after three or more repair attempts for the same nonconformity or when the vehicle is out of service for a cumulative total of thirty calendar days. § 59.1-207.13.

The allegations support plaintiff's claim that a violation of the statute has occurred for which he may be entitled to relief. Plaintiff has alleged that he received a nonconforming vehicle and was damaged as a result of three or more unsuccessful repair attempts and lack of use of the vehicle for over thirty days due to repairs; these allegations if proved amount to violations of the Lemon Law.

The court also finds that there is no provision within the statute which bars a consumer from filing a claim against a motor vehicle manufacturer who has offered to provide certain statutory remedies to the consumer. On the other hand, § 59.1-207.16 states that a consumer who in good faith attempts to settle the dispute but has not received the "satisfactory correc-

---

[1] In its Plea, Ford asserts that a judgment in its favor under the Lemon Law would also serve to dismiss plaintiff's claims under the U.C.C. and under Magnuson-Moss because the Lemon Law remedy here would provide plaintiff "the maximum recovery."

tion or repair of the nonconformity, replacement of the motor vehicle or refund to the consumer shall have twelve months after the dispute settlement procedure to file an action provided he rejected the manufacturer's final offer." Unsuccessful and unsatisfactory arbitration allows an action to be brought against a manufacturer, as here. Therefore, plaintiff has instituted a valid claim against Ford; the quantum and types of damages recoverable are issues for the jury. See *Garcia v. Chrysler Motor Corp.*, Law No. 96199, Circuit Court, Fairfax Co., Stevens, J. (1991).[2]

### Order

On April 4, 1996, the parties appeared by counsel for argument on Defendant Ford Motor Company's Plea in Bar. For the reasons stated in the court's letter dated June 4, 1996, the plea is overruled.

The Defendants objections are noted. Signatures of the parties are waived.

Copies of this order were distributed to the parties on this day.

---

[2] This opinion is printed below at page 573. [Reporter's Note]