# CIRCUIT COURT OF CHESTERFIELD COUNTY

Richard Lewis McIlavy
and Laura McIlavy

v.

CarLoanCo., Inc., et al.

## Case No. CL98-498

BY JUDGE WILLIAM R. SHELTON

### November 20, 1998

On October 30, 1998, the parties appeared by counsel and presented evidence regarding defendant Charlie Falk Auto Wholesale's Amended Motion for Bill of Particulars.

Plaintiffs allege several theories of liability in their Amended Motion for Judgment, including causes of action for fraud/constructive fraud and violation of the Virginia Consumer Protection Act. Specifically, paragraph 23 of the Amended Motion for Judgment provides:

> Both Defendants violated the prohibition contained in Va. Code § 59.1-200(8) against advertising goods with the intent not to sell them as advertised or with the intent not to sell at the price or upon the terms advertised, by refusing to credit the Plaintiffs' principal balance with their first year of interest payments after Plaintiffs met the condition of the rebate.

In the Amended Motion for Bill of Particulars, Falk Auto argued that the plaintiffs failed to specifically plead any basis for their assertion that Falk Auto did not intend to comply with the rebate offer at the time of the

transaction. Falk Auto contended that under Virginia law, the plaintiffs were required to state with specificity the grounds of the allegations. At the hearing, Falk Auto also argued that the fraud/constructive fraud cause of action must be pleaded with specificity.

Upon review of the memoranda, case law, and relevant statutory authority, the Court denies Falk Auto's Amended Motion for a Bill of Particulars. Section 59.1-200(A)(8) of the Code of Virginia states:

> In any action brought under [the Virginia Consumer Protection Act], the refusal by any person, or any employee, agent or servant thereof, to sell any goods or services advertised or offered for sale at the price or upon the terms advertised or offered, shall be prima facie evidence of a violation of this [Act].

Thus, the Court finds that the plaintiffs have sufficiently stated a cause of action for a violation of the Virginia Consumer Protection Act as required by the Code of Virginia. The Court declines to address Falk Auto's Motion for a Bill of Particulars with regard to the fraud/constructive fraud claim because the plaintiffs were not provided with notice of this motion prior to the hearing.

### February 12, 1999

On January 28, 1999, the parties appeared before this Court by counsel on Plaintiffs' Motions for Summary Judgment, Default Judgment and Motion to Bifurcate. At the hearing, the Court denied Plaintiffs' Motion for Default Judgment with respect to defendant CarLoanCo., and Plaintiffs withdrew the Motion for Summary Judgment with respect to the usury claim against CarLoanCo. The Court took the Motions for Summary Judgment regarding the breach of contract and Virginia Consumer Protection Act claims and the Motion to Bifurcate under advisement. After reviewing the case file, the Code of Virginia, the applicable case law, and counsels' memoranda, the Court shall grant the Motion for Summary Judgment on the breach of contract claim. The Court will rule as follows on the remaining issues.

### *Motion for Summary Judgment*
### *as to the Virginia Consumer Protection Act*

Plaintiffs contend that Defendants violated the Virginia Consumer Protection Act by failing to provide the rebate based upon the terms offered in their advertisement. Virginia Code § 59.1-200(A)(8) makes it unlawful to

advertise goods "with intent not to sell them as advertised or with intent not to sell at the price or upon the terms as advertised." For a plaintiff to prevail in an action brought under this subsection, it must be clear that the defendant intended not to sell its product as advertised. Plaintiffs also contend that they are entitled to recovery under § 59.1-200(A)(14) which prohibits the use of any "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Recovery under this subsection requires a determination that the defendant acted intending to commit fraud when they placed the advertisement.

In *Gill v. Rollins Protective Services*, 773 F.2d 592 (4th Cir. 1985), the Fourth Circuit Court of Appeals addressed the appropriateness of summary judgment in cause of actions brought under these provisions. The Court found that the question of a defendant's intent not to sell its product as advertised is "seldom appropriate" for resolution on a motion for summary judgment. See *id.* at 596. Similarly, in *Charbonnages de France v. Smith*, 597 F.2d 406 (4th Cir. 1979), the Fourth Circuit reasoned that whether a particular state of mind exists is seldom beyond reasonable dispute because it depends on conflicting inferences to be drawn from evidence likely to be circumstantial or self-serving. See *id.* at 414.

In the present matter, the relevant state of mind is whether Defendants intended not to offer the rebate under the terms stated in the advertisement. The defendants are entitled to the opportunity to present evidence showing this was not their intent when they placed the advertisement. Accordingly, Plaintiffs' motion on this issue is denied.

### Motion for Bifurcation on Attorneys' Fee Issue

Pursuant to § 59.1-204(B) of the Code of Virginia, any person who suffers loss as a result of a violation of the Virginia Consumer Protection Act may receive reasonable attorneys' fees and costs. Plaintiffs have moved to bifurcate the issue regarding the amount of attorney's fees to be awarded, asserting that this matter should be decided by the Court at a separate hearing, after the jury reaches a verdict on the merits of the case. Defendant Falk Auto contends that a constitutional right to a jury trial exists on this issue.

The Constitution of Virginia provides "in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred." Va. Const., art. 1, § 11; see also Va. Code Ann. § 8.01-336 (Michie Repl. Vol. 1992) ("The right of a trial by jury as declared in Article I, Section 11, of the Constitution of Virginia and by statutes thereof shall be preserved inviolate to the parties.") In considering matters

similar to the case at bar, Judge Hughes of the Richmond Circuit Court determined that the issue of attorney's fees should be decided by a jury. See *Iuorno v. Ford Motor Co.*, 39 Va. Cir. 322 (City of Richmond 1996). Nevertheless, Disciplinary Rule 5-101(B) of the Virginia Code of Professional Responsibility advises against having a lawyer offer testimony to a jury when it is deciding issues of liability or damages. Additionally, pursuant to Ethical Consideration 5-9, when a lawyer becomes a witness:

> opposing counsel may be handicapped when challenging the credibility of the lawyer when the lawyer is an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and witness are inconsistent; the function of an advocate and witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state the facts objectively.

The Court is mindful of the situation that is created when attorney's fees are introduced during trial and an attorney is called upon to defend the reasonableness of his fees while arguing the merits of the case at the same time. Therefore, the Court shall bifurcate the issue of attorney's fees to be decided after a verdict has been reached on the merits. However, the Court finds that the issues of whether attorney's fees shall be recoverable and their reasonableness are issues which should be decided by the jury.